UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHICHAO XIE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF ADELANTO ICE PROCESSING CENTER et al.,<br><br>Respondents. | Case No. 5:26-cv-05638-SB-DSR<br><br>ORDER DENYING PETITION FOR HABEAS CORPUS |

Petitioner Zhichao Xie is a Chinese citizen who has been detained at the Adelanto Immigration and Customs Enforcement (ICE) Processing Center since August 26, 2026. He filed a petition for a writ of habeas corpus seeking immediate release. The Court denies the petition.

I.

Petitioner entered the United States without inspection in 2019. He filed an asylum application and was granted a work authorization. Dkt. No. 1 ¶¶ 12–13. On August 12, 2026, he was arrested by the Glendale Police Department on suspicion of identity theft, grand theft, shoplifting, and conspiracy.[1] He was released the following day, and no criminal charges had been filed as of the petition's filing. On August 26, 2026, Petitioner was taken into ICE custody and has remained there ever since. *Id.* ¶¶ 16–17. *Id.* ¶ 17. On September 15, he appeared before an immigration judge (IJ) for a custody redetermination hearing.

[1] Section 1226(c)(1)(E)(ii) provides for mandatory detention of certain noncitizens arrested for specified crimes, including theft, larceny, and shoplifting. The government, however, does not invoke that provision and instead relies on § 1226(a). The Court therefore does not address whether § 1226(c)(1)(E)(ii) applies.

*Id.* ¶ 20. The IJ denied bond, finding that Petitioner did not meet his burden to establish that he did not pose a flight risk or a danger to the community. *Id.*; Dkt. No. 8 at 17 of 18. Petitioner waived his right to appeal that decision. Dkt. No. 8 at 18 of 18. Petitioner filed this habeas petition on September 24.

II.

A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999). Petitioner raises two claims in his petition: first, that ICE violated 8 U.S.C. § 1226(a) by arresting him without a warrant; and second, that the lack of predetention notice or hearing violated his Fifth Amendment due process rights. Dkt. No. 1 ¶¶ 37–38, 44–49.

A.

Petitioner has not shown that, even if his initial warrantless arrest was unlawful, he would be entitled to release from immigration detention. The object of the writ of habeas corpus "is to ascertain whether the prisoner can lawfully be detained in custody," *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923), and the "body" of a civil detainee "is never itself suppressible as fruit of an unlawful arrest." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). If a sufficient ground for detention is shown, Petitioner "is not to be discharged for defects in the original arrest or commitment." *Bilokumsky*, 263 U.S. at 158.

Here, the government has discretion to detain Petitioner pending removal proceedings, 8 U.S.C. § 1226(a), and the IJ denied bond after finding that Petitioner failed to establish that he was not a danger to the community or a flight risk. Petitioner does not dispute that detention authority or explain why an unlawful initial arrest would entitle him to release or another bond hearing. Habeas relief depends on the legality of his continued detention, not the circumstances of his arrest. *See Alvarez-Mendez v. Stock,* 941 F.2d 956, 960 (9th Cir. 1991) ("Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether Alvarez–Mendez's detention is illegal today."); *Sormunen v. Nagle*, 59 F.2d 398, 398–99 (9th Cir. 1932) (holding that a detainee's contention that he was taken into custody without a warrant was "immaterial" to habeas relief where the detainee was lawfully subject to detention under the relevant immigration statute).

B.

Petitioner next argues that the lack of predetention notice or hearing violated his Fifth Amendment due process rights. *See* Dkt. No. 1 ¶¶ 44–49 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). But the Ninth Circuit has explained that the Fifth Amendment due process standard "remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). Even assuming that Petitioner has a significant liberty interest,[2] the government has a "strong interest" in enforcing the immigration laws. *Id.* at 1208. Petitioner does not address *Rodriguez Diaz* or explain why the bond hearing he received 20 days after his arrest did not provide adequate process.

Instead, Petitioner argues in reply that the IJ abused his discretion by not properly evaluating the evidence and explaining his decision to deny bond. Dkt. No. 9 at 3–5. Although Petitioner characterizes his challenge as purely constitutional and argues that administrative exhaustion would therefore be futile, his objections concern alleged errors in the IJ's bond determination that he could have raised on appeal to the Board of Immigration Appeals. Petitioner elected not to pursue that appeal. *See* Dkt. No. 8 at 18 of 18. He therefore has not exhausted the administrative remedies available to address those alleged errors. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nor has he shown that the postdetention procedures available to him were constitutionally inadequate under *Rodriguez Diaz*.

III.

Accordingly, the petition is denied without prejudice.

Date: October 13, 2026

Stanley Blumenfeld, Jr.
United States District Judge

[2] Petitioner has not shown that the liberty interest recognized in the criminal parole context extends to a noncitizen who remained at liberty pending removal proceedings but was subsequently detained following a criminal arrest. *See F.R.V. v. Semaia*, No. 5:26-cv-01069-SB, 2026 WL 852064, at *2 n.3 (C.D. Cal. Mar. 24, 2026) (distinguishing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).